[Duncan's Administrators *v.* Duncan's Administrators.]

## *Joseph Duncan Administrator of Dinah Duncan deceased, *against* Administrators of Daniel Duncan deceased.

The personal estate of a mother being a widow, and dying intestate, under the law of 1705, is subject to the same distribution as that of a father.

THE following case was stated for the opinion of the court, at the last Circuit Court at Carlisle.

The said Dinah Duncan was the widow of the aforesaid Daniel, and died on the 4th January 1791.

It is agreed, that the defendants having made distribution of the estate of the said Daniel Duncan among his representatives, that distribution shall stand as far as it has been made; and that the plaintiff shall only claim his share of his mother the said Dinah's estate, as her eldest son. And it is submitted to the court, to determine whether the said Joseph Duncan, as eldest son of the said Dinah, is entitled to two shares of her estate, she having died before the passing of the late act of distribution; and upon the court's determination of that question, David M'Knight, John Arthur and William Alexander, are appointed referees to settle the account between the parties; but the defendants not to be accountable to the plaintiff, further than his distributive share of his said mother's estate.

Mr. Duncan for the defendants, insisted, that the 2d section of the act of assembly "for the better settling of intestate's estates," only respected the case of a father dying intestate of one capable of having a wife according to the provisions in the enacting clause; and that the pronouns *him* and *his* were not applicable to a mother dying intestate. 1 Dall. St. Laws append. 44. In Holt *v.* Frederick, 2 Wms. 356, it was decreed, that the act of distributions was grounded on the custom of London, which never affected a widow's personal estate; and if a mother being a widow, makes advancements to a child, and dies intestate leaving other children, the child so advanced, shall not bring what he received from his mother into hotchpot.

YEATES, J. said, that he thought this point had been at rest, since the decision of the case between the lessee of Eshelman *et al. v.* Hoke, December term 1799, which settled the question as to the mother's lands; that the uniform practice had been to distribute the personal property of widows, who were mothers, in the same manner as that of fathers, under the law of 1705; and that the words *him* and *his* included as well the female as male sex, by the fair rules of construction. Vid. 2 Vez. 213.

*204]    *BRACKENRIDGE, J. said, he had not fully made up his mind on the subject. The determination was therefore postponed. But in the term of September following, the case

[Hauer's Lessee v. Shitz.]

being stated to SHIPPEN chief justice, and SMITH justice, the court were unanimously of opinion, that the plaintiff was entitled to two shares of the surplusage of the personal estate of his mother, as her eldest son.

Mr. Watts, pro quer.